

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  Fax (203) 773-5376
*New Haven, Connecticut 06510*  www.justice.gov/usao/ct

June 24, 2021

Dan Erwin
Office of the Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510

Re:   United States v. Luciano Solis-Sanchez
      Case No. 20-cr-245 (VLB)

Dear Mr. Erwin:

This letter confirms the plea agreement between your client, LUCIANO SOLIS-SANCHEZ (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

### THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, LUCIANO SOLIS-SANCHEZ agrees to waive his right to be indicted and to plead guilty to a two-count Substitute Information, charging violations of 8 U.S.C. § 1326(a) and 21 U.S.C. § 841(a).

The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

**Count One: 8 U.S.C. § 1326(a)**

1. That the defendant was an alien who had been previously removed from the United States;
2. That subsequent to his removal, the defendant was found in the United States;
3. That the defendant had not sought or obtained the permission of the Attorney General or his successor, the Secretary of the Department of Homeland Security, for re-application for admission to the United States since the time of the defendant's previous removal, as is required by law.

### Count Two: 21 U.S.C. § 841(a)

1. The defendant possessed controlled substances, here methamphetamine and cocaine.
2. The defendant knew that he possessed controlled substances.
3. The defendant possessed the controlled substances with the intent to distribute them.
4. The weight of one of the substances defendant possessed was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## THE PENALTIES

### Imprisonment

Count One carries a maximum penalty of two years of imprisonment. Count Two carries a maximum penalty of 40 years of imprisonment and a minimum penalty of five years of imprisonment. *See* 18 U.S.C. § 3553(f) (safety value provision if the defendant qualifies under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2).

### Supervised Release

In addition, for Count One, the Court may impose a term of supervised release of not more than one year to begin after any term of imprisonment. 18 U.S.C. § 3583. On Count Two, the Court must impose a term of supervised release of at least four years and as much as life to begin after any term of imprisonment. 21 U.S.C. § 841(b)(1)(B)(viii).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to three years per violation pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841(b)(1)(B)(viii) with no credit for time already spent on supervised release.

### Fine

Count Two carries a maximum fine of $5,000,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $5,000,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offenses of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the

Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Regarding Count One, U.S.S.G. § 2L1.2(a) provides for a base offense level of 8.

Regarding Count Two, the defendant's base offense level under U.S.S.G. § 2D1.1(a)(5) and (c)(6) is 28 because the offense involved at least 700 kilograms but less than 1,000 kilograms of Converted Drug Weight (498 grams of methamphetamine and 2.77 grams of cocaine). That level is increased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(5), because the offense involved the importation of methamphetamine and defendant is not subject to a mitigating role adjustment. The parties agree that because the defendant has truthfully provided to the Government all information and evidence concerning the offense two levels are subtracted pursuant to U.S.S.G. § 2D1.1(b)(18) because defendant qualifies for the safety-value, pursuant to U.S.S.G. § 5C1.2. Therefore, Count Two has an offense level of 28.

Count One and Count Two are separate groups under U.S.S.G. § 3D1.2. Because the offense level of 8 for Count One is more than 9 levels lower than the offense level of 28 for Count Two, there is no increase in offense level, pursuant to U.S.S.G. § 3D1.4.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 25.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 25, assuming a Criminal History Category I, would result in a range of 57 to 71 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of at least four years. U.S.S.G. § 5D1.2(c).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Right to Proceed In Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio

teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack

his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statutes to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offenses to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his

undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the criminal activity that forms the basis of the substitute information in this case. After sentencing, the Government will move to dismiss the entire indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*[signature]*
ANGEL M. KRULL
DEBORAH SLATER
ASSISTANT UNITED STATES ATTORNEYS

The defendant certifies that he has read this plea agreement letter and its attachment or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment with counsel and that he fully understands and accepts its terms.

*[signature]*     06-24-2021
LUCIANO SOLIS-SANCHEZ     Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment to my client who advises me that he understands and accepts its terms.

*[signature]*     6/24/21
DANIEL ERWIN, ESQ.     Date
Attorney for the Defendant

Dan Erwin, *Esq.*
Page 10

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant, Luciano Solis-Sanchez, and the Government stipulate and agree to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Counts One and Two in the substitute information:

1. The defendant, Luciano Solis-Sanchez, is a citizen and national of Mexico, who has never held legal status in the United States.

2. Defendant Solis-Sanchez was first encountered by the United States Border Patrol ("USBP") near Nogales, Arizona on April 4, 2007. He was granted a voluntary return to Mexico on April 5, 2007.

3. Defendant Solis-Sanchez was subsequently encountered by the USBP in the area of Douglas, Arizona on November 4, 2017. He was issued a Notice and Order of Expedited Removal the same day based on his lack of proper documentation. He was thereafter removed on November 5, 2017, to Mexico from San Luis, Arizona. Prior to his removal, he was advised, in writing, that he was prohibited from seeking application to reenter the United States for period of five years.

4. On November 12, 2017, defendant Solis-Sanchez was again encountered by the USBP in Douglas, Arizona while attempting to unlawfully enter the United States. He was charged with illegal entry in the United States District Court for the District of Arizona, in violation of 8 U.S.C. § 1325(a)(1) and served with a Notice of Expedited Removal by ICE. Solis-Sanchez was convicted of illegal entry on November 14, 2017. Following service of this sentence, he was removed to Mexico for the second time on November 14, 2017. Prior to his removal, Solis-Sanchez was advised, in writing, that he could not seek application to reenter the United States for a period of five years without the advance permission of the United States Government.

5. On May 16, 2019, the USBP in Laredo, Texas again encountered the defendant while he was attempting to unlawfully enter the United States. He was served with a Notice of Intent/Decision to Reinstate Prior Order and was removed from the United States to Mexico for the third time on May 18, 2019. Prior to his removal, Solis-Sanchez was provided written warning stating that he could not seek application to return to the United States subject to a twenty years without advance permission of the United States government.

6. Eight days later, on May 24, 2019, the USBP encountered the defendant in Laredo, Texas, while he was attempting to unlawfully enter the United States. Defendant was served with a Notice of Intent/Decision to Reinstate Prior Order and was removed to Mexico the next day. Prior to his removal, the defendant was again advised, in writing, that he was subject to a twenty-year bar with regard to seeking application from the United States government to return to the United States.

7. On March 3, 2020, defendant Solis-Sanchez was arrested by the Waterbury, CT police on charges of possession of narcotics with intent to sell, possession of drugs near a

prohibited place, operating a motor vehicle without a license, and driving the wrong way on a one-way street. While ICE was advised of a biometric match to an individual with a prior removal history, defendant was released by the State at that time on a promise to appear. He was located and arrested by ICE pursuant to a federal arrest warrant for illegal reentry in this case on January 13, 2021.

8. There was a match between the finger print taken of defendant Solis-Sanchez on March 3, 2020, and the prints taken on the removals on March 15, 2017, and May 25, 2019, in that they were found to be the fingerprints of the same individual and defendant Solis-Sanchez agrees and acknowledges that he is the same individual who has been removed on multiple prior occasions.

9. On November 21, 2020, the Department of Homeland Security, Citizenship and Immigration Services confirmed that defendant Solis-Sanchez did not seek and was not granted permission to reapply for admission into the United States and defendant Solis-Sanchez agrees and acknowledges that he did not seek and was not granted permission to reapply for admission into the United States.

10. Defendant Solis-Sanchez knowingly and willfully reentered the United States.

11. On January 8, 2021, Customs and Border Protection inspected a UPS package that originated in Zapopan, Mexico and was addressed to "Alfonso Perez 39 Bucks Hill Rd Waterbury, CT 06704 United States." The package contained a handcrafted lamp, which had two bundles hidden behind a fiberglass panel. The bundles contained approximately 498 grams of a substance containing methamphetamine.

12. On or about January 13, 2021, Defendant Solis-Sanchez was expecting the package that originated in Zapopan, Mexico and was addressed to "Alfonso Perez 39 Bucks Hill Rd Waterbury, CT 06704 and that contained approximately 498 grams of a substance containing methamphetamine in hidden bundles. Defendant Solis-Sanchez had previously arranged for the delivery of the package with the methamphetamine from a narcotics supplier in Mexico. Defendant Solis-Sanchez intended to sell the methamphetamine to individual customers in Connecticut.

13. On January 13, 2021, law enforcement delivered the package to 39 Bucks Hill Road in Waterbury, CT. At the time of the delivery of the package with methamphetamine, defendant Solis-Sanchez lived at 39 Bucks Hill Road in Waterbury, CT.

14. After delivering the package containing the methamphetamine, law enforcement executed a search warrant at the residence of 39 Bucks Hill Road in Waterbury, CT. In defendant's bedroom, law enforcement found in a bureau drawer ten plastic baggies containing approximately 1.8 grams of powder cocaine. Law enforcement also found another baggie of approximately 1.09 grams of powder cocaine in a jewelry box.

15. Defendant knowingly possessed the cocaine found in his bedroom and intended to sell the cocaine to individual customers. Defendant had received this cocaine from the same

supplier in Mexico who sent the package of methamphetamine to him. The cocaine package had originally contained approximately two or three ounces of cocaine, and the defendant had already sold most of that cocaine to his customers.

16. In total, defendant received at least three packages of cocaine from his supplier in Mexico, each containing approximately two or three ounces of cocaine. Defendant sold this cocaine to customers in Connecticut.

17. At the time of his arrest on January 13, 2021, defendant had three plastic baggies in his pocket that contained approximately .862 grams of powder cocaine. Defendant intended to sell this cocaine to his customers.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

LUCIANO SOLIS-SANCHEZ
The Defendant

DANIEL ERWIN, ESQ.
Attorney for the Defendant

ANGEL M. KRULL
ASSISTANT UNITED STATES ATTORNEY

DEBORAH SLATER
ASSITANT UNITED STATES ATTORNEY